UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | Case No. C06-0032-RSL-JPD |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| DAVID GOULD, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

I. FACTS AND PROCEDURAL HISTORY

On August 13, 2004, Internal Revenue Service ("IRS") agent Evelyn Stone served respondent with a summons directing him to provide testimony and certain records in connection with an IRS investigation into his tax liability for the years 2000-2003. Dkt. No. 2 at ¶¶ 2-4, Ex. A. Respondent failed to provide the requested evidence. *Id.* at ¶¶ 5-6. On September 23, 2005, the United States filed a petition to enforce the IRS summons against respondent. Dkt. No. 1.

Respondent filed a response in opposition to the petition, Dkt. No. 5, and subsequently filed an "emergency" motion to vacate the show-cause order and dismiss the case. Dkt. No. 8. He also filed a motion to recuse all federal judges from hearing this matter, arguing that judges are biased by virtue of their obligation to pay taxes. Dkt. No. 9. The Court declined to vacate

REPORT AND RECOMMENDATION
PAGE - 1

the order to show cause and on January 20, 2006, heard arguments from respondent and his wife (who has raised similar arguments in connection with a summons in C06-0031-RSL) as to why he should not be required to comply with the summons. Dkt. No. 11.

In addition to his motion to recuse, respondent raises several arguments as to why this matter should be dismissed. Although they are somewhat difficult to follow, the primary arguments respondent raised in his papers and at the hearing are: (1) the Court lacks jurisdiction to hear this matter; (2) the United States Attorney lacks authority to petition for enforcement of IRS summonses; (3) no action exists against him because a complaint has not been filed; and (4) he should not be required to give testimony or produce any records because it might implicate his Fifth Amendment right to avoid self-incrimination.

Having carefully considered the parties' papers, supporting materials, and the record, the Court recommends GRANTING the government's petition to enforce the IRS summons. Dkt. No. 1. Respondent should be directed to comply with the summons no later than February 21, 2006, or a date mutually agreed upon by the parties. Respondent's motion to recuse all federal judges in this matter, Dkt. No. 9, and motion to dismiss and vacate, Dkt. No. 8, should be DENIED.

## II. ANALYSIS

A. <u>The Court Has Jurisdiction</u>.

Respondent challenges the jurisdiction of this Court to compel compliance with an IRS summons. District Courts acquire personal jurisdiction over respondents in IRS summons-enforcement cases when the show-cause order and petition for enforcement of the summons are properly served. *U.S. v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993) (internal citations omitted); *see also* 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. §§ 7402(b), 7604(a). Respondent was served properly with the requisite documents on December 17, 2005. Dkt. No. 6. The Court therefore has jurisdiction.

B.     The Motions for Recusal Should Be Denied.

Respondent argues that all federal judges should recuse themselves from this matter because they have an economic interest in its outcome by virtue of the fact that they are subject to the income tax. As a result, respondent argues that this matter should be dismissed. This argument is without merit. The recusal statute, 28 U.S.C. § 455 is quite specific about grounds for recusal. The statute does not require federal judges to recuse themselves from tax cases simply because they, too, are required to pay taxes and they may be audited. Tax cases are regularly heard by the district courts. Congress has explicitly given the district courts jurisdiction to hear such matters. *See supra* Section II. A. The motion to recuse, Dkt. No. 9, should be denied.

C.     The Government Has Made a Prima Facie Showing of the Summons' Validity.

A prima facie showing that an IRS summons has been validly issued in good faith requires the government to show: (1) the investigation has a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) it followed all requisite administrative steps. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Declarations by the investigating agent are typically sufficient to satisfy this burden. *Gilleran*, 992 F.2d at 233. After the prima facie case is made, a "heavy burden" falls upon the respondent to disprove the IRS's assertions. *U.S. v. Blackman*, 72 F.3d 1418, 1422 (9th Cir. 1995) (internal citations omitted).

In this case, the government has satisfied its burden. Petitioner is legitimately investigating respondent's income-tax liability in connection with offshore banking transactions and is seeking records relating to such activity. Dkt. Nos. 1, 2. Moreover, the IRS agent investigating this matter has declared that the IRS does not have possession of the sought after records and that the proper administrative steps of the Internal Revenue Code have been followed. Dkt. No. 2 at ¶ 19. This information satisfies the government's "minimal" burden for showing that the summons is valid. *Blackman*, 72 F.3d at 1422 (internal citations omitted).

REPORT AND RECOMMENDATION
PAGE - 3

D. <u>Respondent Has Not Shown That the Summons Was Improperly Issued</u>.

Because the government has made a prima facie showing that the summons was validly issued in good faith, respondent has a "heavy burden" to rebut its validity. *Blackman*, 72 F.3d at 1422 (internal citations omitted). The respondent has offered no credible evidence that satisfies his heavy burden.

1. <u>The Agent Has Authority to Issue the Summons</u>.

Respondent's argument that the IRS lacks the authority to issue a summons lacks merit. The Internal Revenue Code authorizes the Secretary of the Treasury

> To summon the person liable for tax . . . or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and . . . [t]o take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a). The Commissioner of the IRS is authorized to employ agents and other personnel to carry out the law and has issued regulations that guide that enforcement. 26 U.S.C. § 7804(a); 26 C.F.R. § 301.7602-1(a), (b). Respondent's references to other provisions in the United States Code are misplaced.

2. <u>Service of a Complaint Is Not Required</u>.

Respondent's argument that no action is actually pending against him because he was never served with a complaint also lacks merit, citing Fed. R. Civ. P. 4. Respondent was personally served with an Order to Show Cause, a Petition to Enforce the IRS Summons, and the Declaration of Ms. Stone on December 17, 2005, Dkt. No. 6. Service of a complaint is not required. *See Gilleran*, 992 F.2d at 233 (discussing steps for issuing and enforcing a valid IRS summons).

REPORT AND RECOMMENDATION
PAGE - 4

       3.    <u>Respondent's Fifth Amendment Claims Are Premature</u>.

Respondent also argues that the Fifth Amendment protects him from having to testify and disclose the documents requested in the summons because they may potentially incriminate him in a subsequent criminal proceeding. It is premature for respondent to raise this argument at the summons-enforcement stage. *U.S. v. Bell*, 57 F. Supp. 2d 898, 907 (N.D. Cal. 1999) (*citing U.S. v. Rendahl*, 746 F.2d 553, 555 (9th Cir. 1984)). Rather, respondent must first appear at the IRS examination and raise the privilege on a document-by-document or question-by-question basis, as applicable. *Id.*

### III. CONCLUSION

For the reasons discussed above, the Court recommends GRANTING the government's petition to enforce the IRS summons against respondent. Dkt. No. 1. Respondent should be directed to comply with the summons no later than February 21, 2006, or on a date mutually agreed upon by the parties. Respondent's motion to recuse all federal judges, Dkt. No. 9, and motion to dismiss and vacate, Dkt. No. 8, should be DENIED.

DATED this 25th day of January, 2006.

*/s/ James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5